UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARIA DE LOURDES DIAZ GONSALEZ,
RUTH VERONICA DOMINGUEZ CAMPOS,
and LAURA VIDALS, *individually and on
behalf of others similarly situated*,

                               Plaintiffs,

            -against-

ARCADIO MARIN, OSCAR MARIN, JOSEFA
MOLINA VILLABA, JACINTA GUZMAN,
BALLOONS PARTY, INC., BALLOONS
PARY, INC., PARTY SURPRISE, INC., and
HAPPY FIESTA CORP.,

                               Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**

12-cv-1157 (ENV) (RML)

VITALIANO, D.J.,

      On September 20, 2013, the Court granted default judgment against all defendants, and referred the matter to Magistrate Judge Robert M. Levy for inquest to determine appropriate damages. On April 25, 2014, Judge Levy, in his report following the inquest, recommended that plaintiffs be awarded $33,154.50 in unpaid minimum wages, $12,919.50 in unpaid overtime wages, $5,539 in unpaid spread-of-hours wages, $90,226.10 in liquidated damages, $30,000 in damages for false imprisonment, $9,400 in damages for wage and hour notice violations of the New York Labor Law, $10,220 in attorney's fees, and $850 in costs, plus $13,400.25 in damages for pregnancy discrimination against plaintiff Laura Vidals, in violation of the New York State and City Human Rights Laws, for a total of $205,709.35, plus

1

prejudgment interest at the rate of 9% per year.

In reviewing a report and recommendation ("R&R") of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district judge is required to "make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made" by any party, Fed. R. Civ. P. 72(b), but where no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's R&R. *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Judge Levy's R&R gave proper notice that any objection had to have been filed within 14 days. Neither plaintiffs nor defendants have objected to Judge Levy's R&R at all, much less within the time prescribed by 28 U.S.C. § 636(b)(1). In accord with the applicable clear error standard of review, the Court finds Judge Levy's R&R to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts it in its entirety as the opinion of the Court.

## Conclusion

In line with the foregoing, plaintiffs are awarded, against all defendants, jointly and severally, a total of $205,709.35, plus prejudgment interest at the rate of

9% per year, to be computed through the date Judgment is entered.

The Clerk of Court is directed to enter judgment in accordance with the damages outlined in the R&R and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
June 4, 2014

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge

3